Klaus H. Hamm (*Pro Hac Vice Pending*)
klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300

*Counsel for Plaintiff Digimarc Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DIGIMARC CORPORATION**<br><br>    Plaintiff,<br><br>v.<br><br>**U-NICA AMERICAS, INC., U-NICA SYSTEMS AG, U-NICA SOLUTIONS AG, and U-NICA TECHNOLOGY AG**<br><br>    Defendants. | **Case No. 19-cv-1113**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Digimarc Corporation ("Digimarc") files this Complaint for Patent Infringement against U-NICA Americas, Inc., U-NICA Systems AG, U-NICA Solutions AG, and U-NICA Technology AG (collectively the "U-NICA Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code.

2. The U-NICA Defendants have infringed and continue to infringe United States Patent No. 9,718,296 ("the '296 Patent"). The U-NICA Defendants have directly infringed the '296 Patent by using the scryptoTRACE app. The U-NICA Defendants have indirectly infringed the '296 Patent by inducing others to use the scryptoTRACE app to infringe the '296 Patent, and by contributing to that infringement.

3. Plaintiff's right to relief is asserted against the U-NICA Defendants jointly, severally, or in the alternative.

4. Questions of fact and law common to the U-NICA Defendants will arise in this action.

## THE PARTIES

5. Digimarc is a corporation organized and existing under the laws of the State of Oregon with its principal place of business in Beaverton, Oregon. Digimarc is a pioneer in digital security technology for printed objects, including technology for authenticating products such as digital watermarking and image fingerprinting. Digimarc holds title to hundreds of patents in this field.

6. U-NICA Americas, Inc. is a corporation organized under the laws of the State of Florida and, on information and belief, has its principal place of business in New York, New York.

7. U-NICA Systems AG is a corporation organized under the laws of Switzerland and, on information and belief, has its principal place of business in Landquart, Switzerland.

8. U-NICA Solutions AG is a corporation organized under the laws of Switzerland and, on information and belief, has its principal place of business in Landquart, Switzerland.

9. U-NICA Technology AG is a corporation organized under the laws of Switzerland and, on information and belief, has its principal place of business in Landquart, Switzerland.

10. On information and belief, the U-NICA Defendants are alter egos of one another and agents for each other. Although structured as separate entities, the U-NICA Defendants lack wills of their own and operate under common direction.

11. On information and belief, the U-NICA Defendants have common executive leadership, a common board of directors, and common ownership.

12. The website, u-nica.com, describes the U-NICA Group as "a fully privately owned enterprise, owned by Swiss shareholders with industrial backgrounds." The website continues, "The U-NICA Holding AG, headquartered in Switzerland, holds several legal entities (the group)."

13. The u-nica.com website also states:

- "Since 2015, the Group is managed centrally across all legal entities."
- "U-NICA operates globally, with several locations in Switzerland, the United States and Asia."

- "U-NICA is present globally with its own sales force, service centres and market partners in the key regions US, ASIA and EMEA."

14. On information and belief, U-NICA Americas, U-NICA Systems, U-NICA Solutions, and U-NICA Technology are part of the U-NICA Group.

15. The infringing instrumentality in this case, the scryptoTRACE app, is published by U-NICA Systems and also provided and/or promoted by U-NICA Americas, U-NICA Solutions, and U-NICA Technology, all of whom act as agents for one another to publish, provide, promote and license the scryptoTRACE app, in this District and elsewhere in the United States.

## JURISDICTION AND VENUE

16. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Digimarc seeks relief under the Patent Act, 35 U.S.C. § 271 *et seq.*, including remedies for infringement of a patent owned by Digimarc.

17. This Court has personal jurisdiction over the U-NICA Defendants because, among other reasons, they have committed acts of patent infringement in this District and because U-NICA Americas, on information and belief, has its principal place of business in this District and is the alter ego of the other U-NICA Defendants.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. 1391(c)(3) because, among other reasons, U-NICA Systems, U-NICA Solutions, and U-NICA Technology are not residents of the United States, and U-NICA Americas is infringing the '296 Patent in this District and maintains a regular and established place of business in this District.

## DIGIMARC'S '296 PATENT

19. Digimarc is the assignee of the '296 Patent, which is titled, "Authenticating identification and security documents and other objects." Tony F. Rodriguez is Digimarc's Chief Technology Officer and the inventor of the '296 Patent.

20. Digimarc filed the application that became the '296 Patent on July 21, 2015, based on continuation non-provisional applications going back to November 8, 2005, and provisional applications going back to November 9, 2004. The U.S. Patent and Trademark Office duly and lawfully issued the '296 Patent on August 1, 2017. The '296 Patent is now, and has been at all times since its date of issue, valid and enforceable.

21. The '296 Patent relates to authenticating objects, including through comparing randomly or pseudo-randomly occurring features with expected features using a mobile imaging device, such as a smartphone.

22. A copy of the '296 Patent is attached hereto as Exhibit 1.

## THE INFRINGING SCRYPTOTRACE APP

23. The scryptoTRACE app is a product verification app for smartphones and tablets that is part of what the U-NICA Defendants call the "scryptoTRACE suite." The app enables users to check the authenticity of products or their packaging by scanning the products or packaging with a smartphone. The scryptoTRACE suite includes printing products or packaging with features that the scrytoTRACE app verifies. The features include randomly or pseudo-randomly occurring features. The app compares the randomly or pseudo-randomly occurring features with expected features to authenticate the product or packaging.

24. The U-NICA Defendants provide the scryptoTRACE app in the United States and induce infringing use of the app in the United States. For example, the app is available from U-

NICA Systems on both Apple App Store and Google Play. For example, U-NICA Solutions has promoted the scryptoTRACE app in the United States at a trade show, among other places. For example, U-NICA Americas is listed as the contact for the scryptoTRACE app in the Americas on scryptoTRACE app marketing materials.

25. The U-NICA Defendants also provide the scryptoTRACE app to businesses in the United States for use in white-labeled apps. The infringing scryptoTRACE app provided by the U-NICA Defendants is customized for these businesses, who rename the app to maintain consistent branding.

26. Use of the scryptoTRACE app with a smartphone (or tablet) infringes at least claim 26 of the '296 Patent.

27. Claim 26 of the '296 Patent covers:

> A method comprising: obtaining captured image or video data associated with a physical object, the physical object comprising a plurality of randomly or pseudo-randomly placed features, the plurality of randomly or pseudo-randomly placed features comprising a plurality of lines, the plurality of lines comprising modulations forming a pattern used for authenticating the physical object, the modulations carried by line modulations or angle modulations; evaluating the captured image or video data to obtain actual characteristics of the plurality of randomly or pseudo-randomly placed features, the actual characteristics of comprising spatial positioning information for the pattern used for authenticating the physical object; obtaining expected characteristics of the pattern used for authenticating the physical object; based at least on the expected characteristics and the actual characteristics, controlling display of user feedback on a display carried by a mobile device, the user feedback facilitating a determination of authenticity of the physical object.

28. The use of the scryptoTRACE app on a smartphone practices the method described by claim 26 of the '296 Patent.

29.     The smartphone running the scryptoTRACE app "obtain[s] captured image or video data associated with a physical object," as recited by claim 26. For example, the smartphone photographs features printed on products or packaging.

30.     The physical object that the smartphone running the scryptoTRACE app photographs includes "randomly or pseudo-randomly placed features," including "lines," as recited by claim 26. For example, the smartphone running the scryptoTRACE app photographs printed graphics with lines whose position has been randomly or pseudo-randomly modulated according to a random number encoded within the product or packaging.

31.     The randomly or pseudo randomly placed lines have "modulations forming a pattern used for authenticating the physical object, the modulations carried by line modulations or angle modulations," as recited by claim 26. For example, the graphics encoded with random numbers have lines carried by line or angle modulations that form a pattern, and the scryptoTRACE app uses this pattern for authenticating the product or packaging.

32.     The scryptoTRACE app "evaluat[es] the captured image or video data to obtain actual characteristics of the plurality of randomly or pseudo-randomly placed features, the actual characteristics of comprising spatial positioning information for the pattern used for authenticating the physical object," as recited by claim 26. For example, when the scryptoTRACE app evaluates the random number and related random and pseudo-randomly placed features in the photograph of the product or packaging, it obtains the actual characteristics of these features, including information about the location, shape, curve, and their mathematical representations. The scryptoTRACE app uses this information to authenticate the product or packaging.

6

33. The scryptoTRACE app also "obtain[s] expected characteristics of the pattern used for authenticating the physical object," as recited by claim 26. For example, the scryptoTRACE app obtains the expected characteristics of the areas of the product or packaging that it photographs where the unique markers encoded with a random number are placed.

34. The scryptoTRACE app "based at least on the expected characteristics and the actual characteristics, control[s] display of user feedback on a display carried by a mobile device, the user feedback facilitating a determination of authenticity of the physical object," as recited by claim 26. For example, the scryptoTRACE app evaluates the expected and actual characteristics of the product or packaging image that are encoded according to a random number, and, based on that evaluation, provides an alert for the user on the smartphone screen about whether the product or packaging is authentic.

### THE U-NICA DEFENDANTS' KNOWLEDGE OF THE '296 PATENT

35. The U-NICA Defendants have known of the '296 patent since at least when U-NICA Americas and U-NICA Solutions received a December 18, 2017, letter from Digimarc informing them of the patent. The letter also describes how the scryptoTRACE app infringes the '296 patent.

36. A second letter from Digimarc to counsel for the U-NICA Defendants, dated February 28, 2018, provided the U-NICA Defendants with additional knowledge of how the scryptoTRACE app infringes the '296 patent.

37. The U-NICA Defendants were notified of their infringement and continued to infringe thereafter, pursuant to 35 U.S.C. § 287(a).

## COUNT I – DIRECT INFRINGEMENT OF THE '296 PATENT

38. Digimarc repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as though fully set forth herein.

39. The U-NICA Defendants have directly infringed and continue to directly infringe at least claim 26 of the '296 Patent under 35 U.S.C. § 271(a) in this District and throughout the United States by using the scryptoTRACE app in the manner detailed above in paragraphs 2, and 23-34.

40. The U-NICA Defendants have knowledge of the '296 Patent and know that the use of the scryptoTRACE app infringes at least claim 26 of the '296 Patent, as described above in paragraphs 35-37.

41. Despite their knowledge of the '296 Patent, the U-NICA Defendants have continued to directly infringe it. As such the U-NICA Defendants continue to willfully engage in acts of infringement of the '296 Patent, justifying an award to Digimarc of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II – INDUCING INFRINGEMENT OF THE '296 PATENT

42. Digimarc repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as though fully set forth herein.

43. The U-NICA Defendants have induced and continue to induce end users of the scryptoTRACE app to directly infringe the '296 Patent under 35 U.S.C. § 271(b) in this District and throughout the United States in the manner detailed above in paragraphs 2, and 23-34.

44. U-NICA has knowledge of the '296 Patent and knows that the use of the scryptoTRACE app infringes at least claim 26 of the '296 Patent, as described above in paragraphs 35-37.

8

45. U-NICA has a specific intent to encourage the direct infringement of the '296 Patent by end users of the scryptoTRACE app. For example, the U-NICA Defendants publish app instructions and promotional material on how to use app in a manner that infringes the '296 Patent.

46. Despite their knowledge of the '296 Patent, the U-NICA Defendants have continued to induce infringement of it. As such the U-NICA Defendants continue to willfully engage in acts of infringement of the '296 Patent, justifying an award to Digimarc of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '296 PATENT

47. Digimarc repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as though fully set forth herein.

48. The U-NICA Defendants have contributed to and continue to contribute to the direct infringement by end users of the '296 Patent with the scryptoTRACE app under 35 U.S.C. § 271(c) in this District and throughout the United States in the manner detailed above in paragraphs 2, and 23-34.

49. U-NICA has knowledge of the '296 Patent and knows that the use of the scryptoTRACE app infringes at least claim 26 of the '296 Patent, as described above in paragraphs 35-37.

50. On information and belief, the U-NICA Defendants import, offer to sell and sell the scryptoTRACE app. For example, the U-NICA Defendants license the scryptoTRACE app to businesses who white label the app.

51. The scryptoTRACE app is a component the use of which is a material part of the method covered by claim 26 of the '296 Patent, and the scryptoTRACE app is not a staple article or commodity of commerce suitable for substantial noninfringing use.

52. Despite their knowledge of the '296 Patent, the U-NICA Defendants have continued to contributorily infringe it. As such the U-NICA Defendants continue to willfully engage in acts of infringement of the '296 Patent, justifying an award to Digimarc of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Digimarc prays for judgment and relief as follows:

a. The U-NICA Defendants are liable for direct, inducing and contributory infringement of the '296 Patent;

b. An injunction against the U-NICA Defendants and their officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing the '296 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

c. An award to Digimarc of damages, not less than a reasonably royalty, as it shall prove against the U-NICA Defendants, that is adequate to fully compensate Digimarc for the U-NICA Defendants' infringement;

d. The U-NICA Defendants' infringement of the '296 Patent is willful, and damages should increase three times the amount assessed, pursuant to 35 U.S.C. § 284;

e. This case is exceptional within the meaning of 35 U.S.C. § 285 and an award Digimarc its reasonable attorneys' fees and expenses;

f. An award to Digimarc of its taxable costs and disbursements;

g. An award Digimarc of pre-judgment and post-judgment interest; and

      h.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Digimarc demands trial by jury on all issues so triable.

Dated: February 5, 2019              Respectfully submitted,

                                      s/ *Klaus H. Hamm*
                                      Klaus H. Hamm (submitting *Pro Hac Vice*)
                                      klaus.hamm@klarquist.com
                                      KLARQUIST SPARKMAN, LLP
                                      121 S.W. Salmon Street, Suite 1600
                                      Portland, Oregon 97204
                                      Tel: (503) 595-5300

                                      *Counsel for Plaintiff Digimarc Corporation*